UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMIAN F. JAIMES RINCON,

        Petitioner,

  v.                                   Case No. 26-cv-190-pp

FIELD OFFICE DIRECTOR SAM OLSON,
SECRETARY OF DHS KRISTI NOEM,
US ATTORNEY GENERAL PAMELA BONDI,
ICE DIRECTOR TODD M. LYONS
and DANE COUNTY SHERIFF DALE J. SCHMIDT,

        Respondents.

## ORDER SCREENING PETITION (DKT. NO. 1)

Following his arrest by the Department of Homeland Security at the Waukesha County courthouse (where he had appeared to pay a non-criminal traffic ticket), petitioner Damian Francisco Jaimes Rincon, who currently is detained in the Dodge County Jail, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1 at 4. The petitioner has been charged with entering the United States without inspection in violation of 8 U.S.C. §1182(a)(6)(A)(i) and failing to possess a valid entry document in violation of 8 U.S.C. §1182(a)(7)(A)(i)(I). Id. at 2. The petitioner argues that his detention violates the Immigration and Nationality Act (INA) because 8 U.S.C. §1225(b)(2) does not apply to individuals, like himself, who entered the United States almost two years ago and were apprehended hundreds of miles away from any border or port entry. Id. at 3. He argues that such individuals are subject to

1

discretionary detention under 8 U.S.C. §1226(a), which allows for release on conditional parole or bond. Id. Because the petitioner has paid the $5 filing fee, the court will screen the petition under Rule 4 of the Rules Governing §2254 Cases and will order the respondents to file a responsive pleading to the petitioner's brief.

I.   **Legal Standard**

A petition under 28 U.S.C. §2241 is the appropriate vehicle for challenging the length of detention pending removal. Zadvydas v. Davis, 121 S. Ct. 2491, 2497–98 (2001). Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to *habeas* petitions filed under §2241. Chagala v. Beth, Case No. 15-C-531, 2015 WL 2345614, at *1 (E.D. Wis. May 13, 2015).

Rule 4 of the Rules Governing §2254 Cases in the United States District Courts provides:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

At the screening stage, the court expresses no view as to the merits of the petitioner's claims. A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court.

II.   **Section 2241 Petition**

According to the petition, the petitioner is a citizen of Columbia who has resided in the United States since he arrived on April 30, 2024. Dkt. No. 1 at 5.

2

He has been living in Milwaukee, Wisconsin. Id. The petitioner alleges that he fled violence in Colombia after a criminal group kidnapped and harmed him and his brother. Id. at 6. He was arrested on December 9, 2025 at the Waukesha County courthouse while attempting to pay a non-criminal traffic ticket. Id. The petitioner alleges that he is eligible for asylum because of a well-founded fear of the violence to which he was subjected in Colombia. Id. The petitioner further alleges that he was preparing to attend a master calendar hearing before the Chicago Immigration Court on March 26, 2026; that court date was given when he was released from DHS border custody on May 30, 2024. Id. at 5. On December 19, 2025, the Chicago Immigration Court determined that the petitioner was bond eligible, but DHS appealed and stayed the bond under 8 CFR §1003.6. Id. at 6.

The petitioner alleges that he remains in custody under a DHS policy that interprets 8 U.S.C. §1225 as requiring mandatory detention. Id. at 3. The petitioner asserts that there are no administrative remedies that he can exhaust. Id. at 6-7. The Board of Immigration Appeals has held that an immigration judge has no authority to consider bond requests for any person who is present the United States "without admission" and that such individuals are subject to mandatory detention under 8 U.S.C. §1225(b)(2)(A). Id. at 7 (citing Matter of Hurtado, 29 I. & N. Dec. 216 (BIA 2025)).

The petitioner argues that his detention is not authorized under §1225(b)(2) because that section does not apply "to noncitizens, like Petitioner, who have lived in the United States for years and who were apprehended while

3

residing within the United States" after entering without inspection. Id. at 12, 18. The petitioner also alleges that his detention is not authorized under §1226(a), which requires a bond hearing, because, after an immigration judge granted him bond, the respondents unilaterally invoked an automatic stay of that bond without ever demonstrating that the petitioner is a flight risk or a danger to others. Id. at 18. The petitioner argues that he is entitled to either release from the respondents' custody for lack of a statutory basis for detention or to post the bond set by the Immigration Court on December 19, 2025. Id.

The petitioner also alleges a due process violation and asks the court to issue a writ of *habeas corpus* requiring his immediate release or to permit him to post the already-authorized bond within seven days. Id. at 22. He asks the court to enjoin the respondents from moving him outside the jurisdiction during the pendency of the petition, declare that his continued detention violates the INA and the due process clause and award him attorney fees under the Equal Access to Justice Act. Id. He has not filed a separate motion for injunctive relief.

### III. Analysis

A district court may grant a petitioner's request for a writ of *habeas corpus* if the petitioner demonstrates that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §2241(c)(3). On this petition, the court cannot conclude that the petitioner plainly is not entitled to relief.

4

Case 2:26-cv-00190-PP    Filed 02/20/26    Page 4 of 6    Document 7

In the context of addressing a motion to stay pending appeal, the Seventh Circuit has implied that it was likely to reject the more expansive position taken by the government with respect to mandatory detention under §1225(b)(2)(A). See Castañon-Nava v. U.S. Dep't of Homeland Sec., Case No. 25-3050, 2025 WL 2552514, *8-10 (7th Cir. Dec. 11, 2025). The Seventh Circuit wrote that "the difference in treatment between a noncitizen at the border and one already in the United States fits within the broader context of our immigration law." Id. at *9. The Seventh Circuit drew a distinction between those seeking admission at the border (who do not need to be arrested because they are detained on arrival under §1225) and noncitizens who already are in the country and subject to removal proceedings under §1226(a). Id. (citing Jennings v. Rodriguez, 583 U.S. 281, 288-289 (2018)).

Although the Seventh Circuit was assessing whether the applicant for a stay had made a strong showing of likelihood of success on the merits (meaning that that the ruling was not dispositive), several district courts in this circuit have followed the reasoning of Castañon-Nava and have adopted the position taken by the petitioner. See, *e.g.*, Cruz v. Noem, Case No. 25 C 15323, 2025 WL 3720247, *4 (N.D. Ill. Dec. 23, 2025) (granting *habeas* petition filed by noncitizen who had been living in the United States for eleven years with no criminal record and who had been detained without a bond hearing after presenting for an immigration interview); Mejia Diaz v. Noem, Case No. 25-CV-960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (citing Castañon-Nava to support conclusion that §1225(b)(2) does not apply to noncitizens who are

5

Case 2:26-cv-00190-PP    Filed 02/20/26    Page 5 of 6    Document 7

apprehended in the interior of the United States years after their unlawful entry); Juan Carolos Barrera Simon v. Sam Olson, Case No. 25 C 14799, 2025 WL 3567469, *5-7 (N.D. Ill. Dec. 13, 2025) (granting *habeas* petition filed by noncitizen who had been living in the United States for 23 years with no criminal record and who had been detained without a bond hearing under §1225). In the Eastern District of Wisconsin, courts have split on this issue. Compare Valverde v. Olson, Case No. 25-cv-1502-BBC (E.D. Wis. Oct. 29, 2025) and Alonso v. Olson et al., Case No. 25-cv-1660-LA, 2025 WL 3240928, *3 (E.D. Wis. Nov. 20, 2025) with Ugarte-Arenas v. Olson, Case No. 25-cv-1721-WCG, 2025 WL 3514451 (E.D. Wis. Dec. 8, 2025).

## IV. Conclusion

The court **ORDERS** that the Clerk of Court must promptly serve a copy of the petition and this order on the respondents under Rule 4 of the Rules Governing Section 2254 Cases and the Memorandum of Understanding.

The court **ORDERS** that the respondents must answer the petition and respond to the petitioner's brief by the end of the day on **March 6, 2026**. If the petitioner intends to file a reply brief, he must do so within seven days of receiving the respondents' answer and brief in opposition.

Dated in Milwaukee, Wisconsin this 20th day of February, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**